838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hallie Zickefoose, Petitioner
v.
The YOUGHIOGHENY AND OHIO COAL COMPANY, and Director, Office
of Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 86-3831.
 United States Court of Appeals, Fourth Circuit.
 April 27, 1987.
 
 Thomas R. Michael (Frank Mascara, on brief), for petitioner.
 John G. Paleudis (Hanlon, Duff & Paleudis Co., LPA, on brief), David Allen Barnette (Jackson, Kelly, Holt & O'Farrell; George D. Blizzard; Schaffer & Schaffer; Philip C. Petty; Rose, Southern & Padden, on brief), for respondents.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Petitioner, decedent's surviving widow, appeals the denial of benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. (1982). Although the Administrative Law Judge (ALJ) found that petitioner was entitled to benefits, the Benefits Review Board (Board) reversed the ALJ's order. We affirm.
 
 
 2
 Petitioner's decedent worked in coal mines for more than 40 years, first as a laborer, then as a supervisor, and finally as an industry consultant. He died in 1977. Because decedent died before March 1, 1978, and had worked for 25 years in coal mines prior to June 30, 1971, he came within the presumption in 20 C.F.R. Sec. 727.204. This provides that decedent's survivors "shall be entitled to the payment of benefits, ... unless it is established that at the time of his or her death such miner was not partially or totally disabled due to pneumoconiosis." In order to rebut this presumption the responsible operator must show that (1) the miner did not suffer from pneumoconiosis; (2) the miner suffered no reduced ability to perform his usual coal mine work at the time of his death; or (3) in the case of a partially or totally disabled miner, the disability did not result from pneumoconiosis. Dipyatic v. Bethlehem Mines Corp., 7 BLR 1-758 (1985); Trujillo v. Kaiser Steel Corp., 3 BLR 1-497 (1981).
 
 
 3
 Decedent suffered from arteriosclerotic heart disease and it is undisputed that his death resulted from occlusive coronary artery atherosclerosis. Although there was evidence that decedent also had pneumoconiosis, the uncontradicted evidence showed that decedent's respiratory difficulty was caused by his heart disease, not by pneumoconiosis. Further, even if his shortness of breath was caused by pneumoconiosis, there was no evidence that this impeded his ability to perform his executive duties, which did not require exertion.[1]
 
 
 4
 In arriving at his decision the ALJ gave the presumption too high a level of irrebuttability and substituted his own expertise for that of the examining physicians. The Board therefore properly reversed the ALJ and denied benefits to petitioner.
 
 
 5
 Respondent The Youghiogheny and Ohio Coal Company has suggested that this court lacks jurisdiction to hear this appeal. We disagree.
 
 
 6
 For the reasons stated by the Board in its Memorandum of January 29, 1986, the decision of the Board is
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 We note that decedent often chose to go into the mines, but the evidence shows that this exertional activity was the result of his self-imposed management style rather than a requirement of his job